On Application for Rehearing.
Breaux, J.
The accused appealed from the judgment and sentence of the court under a conviction of larceny, and complains of our opinion as erroneous on the sole ground, to-wit:
Having elected to take the witness stand in his own behalf he was compelled, aver his objections, to answer the followingquestion, viz..:
“ Have you ever been arrested for stealing?” and to which question counsel urged objections.
*961 1. That the accused had not put his character at issue, and the State could not do so.
2. That it tended to degrade his character.
3. That the judicial records, if such there were, constituted the best evidence of the fact sought to be elicited by the question.
The theory of our opinion is, that the accused, under the law, occupied the same plane as other witnesses, and, upon cross-examination, could be submitted to the same tests.
That the question propounded did not tend to incriminate the accused, but to affect his credibility as a witness — he occuping, at the time, the dual position of accused and witness, and the weight and value of his testimony depending upon the credit same was entitled to receive.
The court held that as an accused his character could not be attacked by the prosecution until put at issue as a means of defence; but, as a witness, his situation was altogether different — his credibility being open to attack by any reasonable and proper means or methods.
Proceeding to deal with this question upon the principles laid down, the opinion states that, in such a case, the line of demarcation between the admissibility of testimony for purposes of impeachment of credibility and its inadmissibility as impeaching character is not always apparent, and, therefore, much must be left to the good judgment and discretion of the trial judge, who is better able to decide under the surroundings and circumstances of each particular case.
Counsel’s argument’ is that the objection urged is general, and would be equally applicable to any other witness than the accused— his insistence here being that want of credibility must be proved by general reputation, and not by particular incriminating facts.
That proposition is true when the evidence is offered for the purpose of impeaching the witness’ “ credit for veracity.” Such is the purport of the authorities cited. 1 Gif., See. 461.
But in this ease the trial judge had before him a person accused of and on trial for the commission of a larceny. Accepting the grace of a special statute, entitling him to be heard as a witness in his own favor, the veracity and credibility of the witness, generally, was proper subject-matter for investigation, because of the cloud that surrounded him and necessitated closer scrutiny into his veracity than-that of an ordinary witness.
*962 Being under charge of larceny, what more damaging fact could have been elicited on the trial of such charge than that he had been previously arrested for similar offences.
There is no force in the objection to parol evidence being admitted of the/aoiof the defendant’s previous arrest. The object in view was to show that the one pending before the court was not the first accusation of the kind that had been preferred against him — not to show the truth or falsity of such charge.
Both the points made in the lower court were correctly disposed of.
Rehearing refused.